IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRAVISTENE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV135 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| OMAHA HOUSING AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on the plaintiff's Motion to Disqualify (Filing No. 29). The plaintiff seeks to disqualify the defendant's counsel, George Achola, because he served in the capacity of Interim Director of Human Resources for the defendant "at a time relevant to this litigation, and was the direct supervisor of [the plaintiff]." **See** Filing No. 29. The defendant filed a brief (Filing No. 30) and an index of evidence (Filing No. 31) in opposition to the motion to disqualify. Subsequently, the defendant also filed a motion seeking sanctions (Filing No. 46) with a brief (Filing No. 47) and an index of evidence (Filing No. 48). The court will address the motion for sanctions in a separate opinion.

## BACKGROUND

    This case arises from the employment relationship between the plaintiff and the defendant. On April 21, 2009, the plaintiff filed this action for alleged discrimination based on age and race in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e; 42 U.S.C. § 1981; and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621, *et seq.* **See** Filing No. 25 - Complaint ¶¶ 1-4.[1] Specifically, the plaintiff alleges she was denied two job opportunities with the defendant because of her age. *Id.* ¶ 16.[2] In support of these claims, the plaintiff alleges the following

---

[1] The plaintiff re-filed the Complaint on October 22, 2009, due to counsel's failure to sign the original filing.

[2] Although the Complaint states the claims are based on age and race, the plaintiff does not state her race, or the race of either successful applicant for the jobs she sought, in the Complaint. **See** Filing No. 25 - Complaint ¶ 1. The Complaint infers the plaintiff is not a "white citizen." *Id.* ¶ 3.

facts. The plaintiff was born on December 24, 1949. *Id.* ¶ 12. The plaintiff accepted the defendant's offer to work in the HR Coordinator position in June 2006. *Id.* ¶ 17. Prior to the change in her position, the plaintiff was the defendant's Lead Family Self Sufficiency (FSS) Coordinator. *Id.* ¶ 23. On May 29, 2006, the defendant filled a position for an Elderly Services Coordinator with a forty-two year old candidate who had been previously supervised by the plaintiff. *Id.* ¶¶ 21-22. The defendant posted a vacancy for an FSS Coordinator on December 18, 2006, but closed the vacancy on December 22, 2006. *Id.* ¶ 26. The defendant filled the FSS Coordinator position with a thirty year old candidate. *Id.* ¶ 27. The plaintiff acknowledges a promoted employee serves a trial period of three months, but denies she was informed an employee in a trial period is ineligible for transfer or promotion to another position. *Id.* ¶¶ 19, 24-25. The defendant denies any discriminatory actions and alleges the subject employment decisions were based on legitimate, business necessity reasons, or bona fide occupational qualifications. **See** Filing No. 11 - Answer. On September 29, 2009, the parties filed their consent to proceed before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). **See** Filing No. 21.

On December 14, 2009, the plaintiff filed a motion to disqualify George Achola as counsel for the defendant. **See** Filing No. 29. In the motion, the plaintiff argues Mr. Achola had been the plaintiff's supervisor and engaged in the discriminatory conduct as alleged in the Complaint. *Id.* ¶ 3. The plaintiff contends Mr. Achola's representation of the defendant at this time constitutes a violation of Rule 3.7 of the Nebraska Rules of Professional Responsibility because Mr. Achola would necessarily be required to testify on the basis of personal knowledge gained when he served as Interim Director of Human Resources for the defendant. *Id.* ¶¶ 4, 6-7. The plaintiff did not file a brief or index of evidence in support of the motion, or a reply in response to the defendant's filings.

The defendant denies Mr. Achola's disqualification is warranted under the circumstances. **See** Filing No. 30 - Brief. The defendant contends the plaintiff's failure to provide any evidentiary support for the motion is fatal. *Id.* at 2-4. Additionally, the defendant argues the motion is premature because the case has not proceeded to trial. *Id.* at 5-6. Finally, the defendant argues Mr. Achola is not a "necessary witness," much less a relevant witness, regarding the allegations set forth in the complaint. *Id.* at 6-7. In

support of this final contention, the defendant provides the following facts supported by evidence in the record.  The defendant appointed Mr. Achola as Interim Human Resources Director in late May 2007.  **See** Filing No. 31 - Ex. 2 Achola Aff. ¶ 4.  Mr. Achola has no first-hand knowledge of any of the allegations contained in the Complaint.  *Id.* ¶ 6.  Any evidence Mr. Achola has regarding this lawsuit was acquired during the course of his work as legal counsel.  *Id.* ¶ 7.  The Director of Administrative Services, Lloyd Beasley, made the hiring decisions referenced in the Complaint.  *Id.* Ex. 1 Beasley Aff. ¶¶ 3-4.  Those decisions were approved by Vivian Ewing, the Director of Human Resources, in 2006 and by at least February of 2007.  *Id.*  Mr. Achola was not part of the hiring process nor was he consulted in any way regarding the hiring decisions referenced in the Complaint.  *Id.* ¶ 5.

## ANALYSIS

"[T]he extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." *Macheca Transp. Co. v. Philadelphia Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006).  Further, "[b]ecause of the potential for abuse by opposing counsel, [motions to disqualify counsel] should be subjected to particular scrutiny." *Id.* (internal quotations omitted); **see** *Droste v. Julien*, 477 F.3d 1030, 1035 (8th Cir. 2007).  Pursuant to the Nebraska Rules of Professional Conduct, Rule 3.7: "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness. . . ." Neb. Ct. R. of Prof. Cond. § 3-503.7 (also providing exceptions to the rule that are not relevant here).

"A court cannot order disqualification simply upon the moving party's representation that the lawyer it seeks to disqualify is a necessary witness; the key is the evidence showing that the lawyer is a necessary witness." *Beller v. Crow*, 742 N.W.2d 230, 235 (Neb. 2007).  The movant may show counsel is a necessary witness when "(1) the proposed testimony is material and relevant to the determination of the issues being litigated and (2) the evidence is unobtainable elsewhere." *Id.*  In any event, "[i]n most jurisdictions, a lawyer who is likely to be a necessary witness may still represent a client in the pretrial stage." *Droste*, 477 F.3d at 1035 (quotation omitted) (citing cases).

In this case, the plaintiff failed to provide any legal or evidentiary support for the motion. The court may deem the motion abandoned based on the plaintiff's failure to comply with the local rules on this point alone. Under the Civil Rules of the United States District Court for the District of Nebraska (Nebraska Civil Rules), a moving party must file a brief that states the basis for motions filed with the court. Nebraska Civil Rule 7.0.1 states:

> A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. The brief must be separate from, and not attached to or incorporated in, the motion. . . . A party's failure to brief an issue raised in a motion may be considered a waiver of that issue.

**See** NECivR 7.0.1(a)(1)(A).

Moreover,

> [I]f a motion requires the court to consider any factual matters not stated in the pleadings, when filing the supporting brief the moving party must also file and serve supporting evidentiary materials not previously filed. A factual assertion in the motion and the supporting brief must cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence on which the moving party relies.

**See** NECivR 7.0.1(a)(2)(A). "[A] party who does not follow this rule may be considered to have abandoned in whole or in part that party's position on the pending motion." **See** NECivR 7.0.1.

The plaintiff's failure to comply with the Nebraska Civil Rules does not constitute a merely academic problem in this instance because the law requires evidentiary support and detailed application of the facts prior to an attorney's disqualification. Particularly in light of the evidence provided by the defendant, the plaintiff fails to meet her burden of showing Mr. Achola has testimony that would be material and relevant to the determination of the issues being litigated and such evidence is unobtainable elsewhere. In fact, the uncontested evidence, which is consistent with the allegations in the plaintiff's Complaint, shows the opposite is true: Mr. Achola lacks any personal knowledge to provide testimony which would be material and relevant to the determination of the issues being litigated and

actual material and relevant evidence is obtainable from other sources. Accordingly, the plaintiff's motion to disqualify Mr. Achola should be denied. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Disqualify (Filing No. 29) is denied.

DATED this 18th day of February, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge