IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRAVISTENE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV135 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| OMAHA HOUSING AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion for Reconsideration (Filing No. 55). The plaintiff, Travistene Jones (Ms. Jones), seeks reconsideration of the plaintiff's motion to disqualify defendant's counsel, and overruling the court's order entering sanctions against plaintiff's counsel, Terri Crawford (Ms. Crawford) (Filing No. 55). The plaintiff filed a brief (Filing No. 55) and an index of evidence (Filing No. 57) in support of the motion. The defendant, Omaha Housing Authority (OHA), filed a brief (Filing No. 63), and an index of evidence (Filing No. 64) in support of the brief, a supplement regarding the brief (Filing No. 65), and an index in support of the supplement (Filing No. 66) in opposition to the plaintiff's motion.

## BACKGROUND

The plaintiff commenced action against the defendant for alleged discrimination on the basis of age and race in violation of Title VII of Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. **See** Filing No. 1 - Complaint, ¶¶ 1-4. The plaintiff alleged she was denied two employment opportunities with the defendant because of her age. *Id.* at ¶ 16. The defendant denied any discriminatory action and argued the employment decisions regarding the plaintiff were based on legitimate, business necessity reasons, or bona fide occupational qualifications. **See** Filing No. 11 - Answer, ¶¶ 24 and 26.

On December 14, 2009, the plaintiff filed a motion to disqualify George Achola (Mr. Achola) as counsel for the defendant. **See** Filing No. 29. The plaintiff sought to disqualify Mr. Achola because he served in the capacity of Interim Director of Human Resources for

the defendant "at a time relevant to this litigation, and was the direct supervisor of [the plaintiff]." **Id**. at ¶ 1. In reply, the defendant argued Mr. Achola's disqualification would be improper because the plaintiff failed to provide evidentiary support for the motion, the motion was premature as the case was still in pretrial stages, and Mr. Achola was not a necessary witness to the case. **See generally** Filing No. 30. Further, the defendant argued Mr. Achola had no first-hand knowledge of the plaintiff's allegations as the hiring decisions referenced in the complaint were made by Lloyd Beasley, Director of Administrative Service, and approved by Vivian Ewing, Director of Human Resources. **See** Filing No. 31 - Ex. 2 Achola Aff. ¶ 4, and Ex. 1 Beasley Aff. ¶¶ 3-4. Further, decisions regarding the plaintiff's employment were made prior to Mr. Achola taking his position as Interim Director in late May, 2007. **Id.** Achola Aff. ¶ 4. Accordingly, on February 18, 2010, the plaintiff's motion to disqualify Mr. Achola as the defendant's counsel was denied. **See** Filing No. 51 - Order.

Thereafter, the defendant sought sanctions against the plaintiff's attorney, Ms. Crawford. **See** Filing No. 46 - Sanctions Motion. The defendant claimed the plaintiff's previous motion had been filed for an improper purpose because the plaintiff lacked a reasonable basis in fact or law to file the motion to disqualify Mr. Achola. **See** Filing No. 46, ¶ 4. The defendant argued the plaintiff raised the issue of disqualification before any formal discovery, filed the motion without legal or factual support as required by law, and failed to file a response to the defendant's motion for sanctions. **Id.** ¶¶ 3-5 . On February 25, 2010, the defendant's motion was granted, and Ms. Crawford was sanctioned under Fed. R. Civ. P. 11(b)(1)-(3) in the amount of $2,275.00. **See** Filing No. 52 - Order.

On December 29, 2009, the defendant filed a Motion for Summary Judgment (Filing No. 33), and provided a corresponding brief (Filing No. 34) and an index of evidence (Filing No. 35) in support of the motion. The plaintiff failed to file a timely response to the motion. After the response time had expired, on January 27, 2010, the plaintiff filed a Motion for Extension of Time to File an Answer (Filing No. 40) in response to the defendant' s motion for summary judgment. The plaintiff filed a supporting brief (Filing No. 41) along with the motion. The defendant filed a brief in opposition to the plaintiff's motion for extension of time (Filing No. 45). The plaintiff filed a reply brief (Filing No. 49) and supplement to reply

brief (Filing No. 50) in reply.  The court found the plaintiff failed to show excusable neglect or excusable delay based on the recent appearance of new counsel, and the plaintiff did not provide sufficient evidence regarding her request for an extension of time to depose two of the defendant's witnesses related to the motion for summary judgment.  **See** Filing No. 53 - Order, p. 8.  Additionally, the court found the plaintiff did not establish a prima facie case of discrimination based on race or age, or show she was treated differently than other applicants with respect to either employment position.  **Id.** at 14.  Furthermore, the plaintiff did not rebut the defendant's evidence demonstrating the employment decisions were based on the qualifications of the applicants, rather than on age or race discrimination.  **Id.** at 15.  Accordingly, on March 1, 2010, the plaintiff's motion was denied, the defendant's Motion for Summary Judgment was granted, and the plaintiff's complaint was dismissed with prejudice.  **Id.**

## ANALYSIS

The plaintiff argues there was no improper purpose for filing the motion to disqualify because a factual basis for Mr. Achola's disqualification existed, and therefore, sanctions were not warranted under Fed. R. Civ. P. 11(b).  **See** Filing No. 55, p. 14.  Further, the plaintiff contends Fed. R. Civ. P. 6(a)(4)(B)(1)(B) allows for an extension of time for motion filings made after the time has expired if the party failed to act because of excusable neglect and should apply to grant the motion for reconsideration of sanctions against Ms. Crawford.[1]  **Id.** at 15.  The plaintiff argues Ms. Crawford was unable to access the CM/ECF or Pacer electronic filing systems due to defective passwords beginning February 4, 2010, continuing through February 26, 2010, which prevented her from submitting the evidentiary support for the motion to disqualify.  **Id.** at 16-17.  Additionally, Ms. Crawford's legal assistant's past attempt to manually file documents with the Clerk's office was not successful, so neither Ms. Crawford, nor her assistants, made an attempt to manually file documents in this matter.  **Id.** at 17.  Therefore, the plaintiff contends, Ms. Crawford should not be sanctioned for technical difficulties, and the motion for reconsideration of orders

---

[1] The plaintiff misapplies Fed. R. Civ. P. 6(a). Fed. R. Civ. P. 6(a) involves computing time, and in fact, Fed. R. Civ. P. 6(a)(4)(B)(1)(B) does not exist.

3

denying the disqualification of defendant's attorney, and entering sanctions against Ms. Crawford, should be granted.  **Id.**  at 18.

The defendant argues reconsideration of the orders is not warranted, and the motion should be denied.  **See** Filing No. 63.  The defendant alleges the motion is frivolous, and is based on an improper purpose.  **Id.** at 11.  Additionally, the defendant contends because the plaintiff had not propounded any formal discovery upon the defendant or Mr. Achola before filing the motion to disqualify, all the evidence the plaintiff now provides could have been brought forth earlier through "reasonable diligence."  **Id.** at 7.  Further, the defendant argues that exceptions to mandatary electronic filing were available, but not sought out by the plaintiff.  **Id.** at 9.

Regarding the standard of review for motions to reconsider, the Civil Rules of the United States District Court for the District of Nebraska (Nebraska Civil Rules) states, "Motions for reconsideration are disfavored, and the court will ordinarily deny them without a showing of (1) manifest error in the prior ruling or (2) new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence."  **See** NECivR 60.1(c).

Based on NECivR 60.1(c), the court does not find manifest error in its prior rulings.  The court properly denied the plaintiff's motion to disqualify counsel because the plaintiff failed to provide any legal or evidentiary support for the motion, and failed to show Mr. Achola's testimony would be material, relevant, and determinative of the issues, or that the evidence was unobtainable elsewhere.  **See** Filing No. 51 - Order.  Further, the court properly granted the defendant's motion for sanctions upon finding the plaintiff's motion to disqualify improper.  **See** Filing No. 52 - Order.  The plaintiff's motion was deemed improper for failure to provide reasonable factual and legal basis for filing the motion to disqualify as required by Fed.R.Civ.P. 11(b).  **Id.**

The plaintiff's argument regarding "excusable neglect" for failure to file evidentiary support for the motion to disqualify is unpersuasive and does not excuse the plaintiff from abiding by the requirements of the law.  Fed. R. Civ. P. 6(b)(1)(B) allows a party to file a motion for extension of time on a motion made after the time has expired if the party failed

to act because of excusable neglect.  The analysis will proceed under the assumption the plaintiff meant to apply Fed.R.Civ.P. 6(b)(1)(B).[2]

Under the Nebraska Civil Rules, a moving party must file a brief that states the basis for motions filed with the court. Nebraska Civil Rule 7.0.1 states:

> A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion.  The brief must be separate from, and not attached to or incorporated in, in motion....A party's failure to brief an issue raised in a motion may be considered a waiver of that issue.

NECivR 7.0.1(a)(1)(A).  Moreover,

> [I]f a motion requires the court to consider any factual matters not stated in the pleadings, when filing the supporting brief the moving party must also file and serve supporting evidentiary materials not previously filed.  A factual assertion in the motion and the supporting brief must cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence on which the moving party relies.

NECivR 7.0.1(a)(2)(A).  "[A] party who does not follow this rule may be considered to have abandoned in whole or in part that party's position on the pending motion." **See** NECivR 7.0.

The plaintiff's inability to electronically file evidentiary support for the motion to disqualify due to password malfunctions is not excusable neglect, particularly when available alternative measures were not taken.  Under NECivR 5.0.1, attorneys may apply for, and receive permission from, the assigned judge to be excepted from mandatory electronic case opening and filing.  **See** NECivR 5.0.1(c)(5)(B).  Ms. Crawford indicated that past experiences by her legal assistant attempting to gain permission to file manually with the Clerk's office, rather than electronically, were unsuccessful.  However, Ms. Crawford did not abide by the Nebraska Civil Rules 7.0.1, did not inform the court of her problems regarding the electronic filing system, and did not attempt exemption from the mandatory electronic filing rule.  Additionally, Ms. Crawford's co-counsel, Vincent M. Ekeh

---

[2] The plaintiff relies on  Fed.R.Civ.P. 6(a)(4)(B)(1)(B) which does not exist, therefore the court will proceed by applying Fed.R.Civ.P. 6(b)(1)(B).

(Mr. Ekeh), had not experienced trouble with the electronic filing system, as evidenced by the multiple filings posted electronically prior to the plaintiff's motion for reconsideration.[3] Ms. Crawford could have certainly requested Mr. Ekeh filed the documents electronically on her behalf. Accordingly, the court does not find Ms. Crawford's inability to electronically file evidentiary support of the motions "excusable neglect," and therefore, an extension of time under Fed.R.Civ.P. 6(b)(1)(B) is not applicable.

Moreover, under the Nebraska Civil Rules' standard of review, the plaintiff fails to show "reasonable diligence," and could have brought forth new evidence to the court's attention earlier. The plaintiff reported having evidence regarding Mr. Achola's material knowledge and relevant testimony of the plaintiff's case gained while in his role as Interim Director of Human Resources for the defendant before filing the motion to disqualify. However, the purported evidentiary support was not filed with the motion, nor was the evidence filed in response to the defendant's motion for summary judgment. The plaintiff managed to make filings in January, up until the threat of sanctions. Accordingly, Ms. Crawford's inability to access the electronic filing system was not found to constitute "excusable neglect" in light of her failure to seek alternative filing options with either co-counsel or the court in accordance with the Nebraska Civil Rules. Therefore, the court does not find the plaintiff exercised reasonable diligence in providing evidentiary support for the motion to disqualify. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Reconsider the Order Denying Disqualification of Defendant's Counsel (Filing No. 55) and an Order Imposing Sanctions on Ms. Crawford (Filing No. 55) is denied.

DATED this 8th day of April, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

[3] Mr. Ekeh successfully filed a Notice of Appearance (Filing No. 37) on January 14, 2009, a Witness List (Filing No. 38) on January 26, 2009, a Motion for Extension of Time (Filing No. 40) on January 27, 2009, and an amended Motion to withdraw document #28 (Filing No. 43) on January 28, 2009.