## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRAVISTENE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV135 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| OMAHA HOUSING AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion for New Trial (Filing No. 58). The plaintiff, Travistene Jones (Ms. Jones), asks the court to grant a new trial, or in the alternative, to vacate the court's order granting the defendant's Motion for Summary Judgment. **See** Filing No. 58. The plaintiff filed a brief (Filing No. 59), an index in support of the brief (Filing No. 60), and a supplement regarding the index (Filing No. 68) in support of her motion. The defendant, Omaha Housing Authority (OHA), filed a brief (Filing No. 63), an index in support of the brief (Filing No. 64), a supplement regarding the brief (Filing No. 65), and an index in support of the supplement (Filing No. 66) in opposition to the plaintiff's motion.

## BACKGROUND

The plaintiff commenced action against the defendant for alleged discrimination on the basis of age and race in violation of Title VII of Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. **See** Filing No. 1 - Complaint, ¶¶ 1-4. The plaintiff alleged she was denied two employment opportunities with the defendant because of her age. **Id.** at ¶ 16. The defendant denied any discriminatory action and argued the employment decisions regarding the plaintiff were based on legitimate, business necessity reasons, or bona fide occupational qualifications. **See** Filing No. 11 - Answer, ¶¶ 24 and 26.

On December 29, 2009, the defendant filed a Motion for Summary Judgment (Filing No. 33). The plaintiff failed to file a timely response to the motion. After the response time had expired, on January 27, 2010, the plaintiff filed a Motion for Extension of Time to File

an Answer (Filing No. 40) in response to the defendant's motion for summary judgment. The court found the plaintiff failed to show excusable neglect or excusable delay based on the recent appearance of new counsel, and the plaintiff did not provide sufficient evidence regarding an extension of time to depose two of the defendant's witnesses related to the motion for summary judgment. **See** Filing No. 53 - Order, p. 8. Additionally, the court found the plaintiff did not establish a prima facie case of discrimination based on race or age, or show she was treated differently than other applicants with respect to either employment position. **Id.** at 14. Furthermore, the plaintiff did not rebut the defendant's evidence demonstrating the employment decisions were based on the qualifications of the applicants, rather than on age or race discrimination. **Id.** at 15. Accordingly, on March 1, 2010, the plaintiff's motion for an extension of time was denied, the defendant's Motion for Summary Judgment was granted, and the plaintiff's complaint was dismissed with prejudice. **Id.** The plaintiff filed a Motion for Reconsideration of the Judgment (Filing No. 55) on March 8, 2010. The court denied the reconsideration by an Order dated April 8, 2010 (Filing No. 72). The plaintiff filed the instant motion for a new trial on March 11, 2010.

## ANALYSIS

The plaintiff contends grounds exist for a new trial exist because genuine issues of material fact exist that have not been considered by the fact finder due to the plaintiff experiencing "extraordinary circumstances" pursuant Fed. R. Civ. P. 6(a)(1). **See** Filing No. 59 - Brief, p. 1. The plaintiff argues Fed. R. Civ. P. 6(a)(4)(B)(1)(B) allows for an extension of time for motion filings made after the time has expired if the party failed to act because of excusable neglect and should apply to grant the motion for new trial.[1] **Id.** at 4. The plaintiff's attorney, Ms. Crawford, alleges she was unable to access the CM/ECF or Pacer electronic filing systems due to defective passwords beginning February 4, 2010, continuing through February 26, 2010, which prevented her from submitting the evidentiary

---

[1] The plaintiff misapplies Fed. R. Civ. P. 6(a). Fed. R. Civ. P. 6(a) involves computing time, and in fact, Fed. R. Civ. P. 6(a)(4)(B)(1)(B), which she uses throughout her brief, does not exist. Rather, Fed. R. Civ. P. (6)(b)(1)(B) provides the court may extend time on a motion made if the party failed to act because of "excusable neglect." The court will therefore proceed using Fed. R. Civ. P 6(b)(1)(B) in its analysis.

2

support for the motion to disqualify defendant's counsel (Filing No. 29). **Id.** at 4-5. Additionally, Ms. Crawford argues that her legal assistant's previous attempt to manually file documents with the Clerk's office was unsuccessful, and therefore neither Ms. Crawford, nor her assistant, made an attempt to manually file documents in the current matter. **Id.** at 6. Therefore, the plaintiff contends, the "extraordinary circumstances," which prevented electronic filing of the plaintiff's supporting documents, fall within the meaning of "excusable neglect" under Fed. R. Civ. P. 6(B)(1)(B), and the motion for new trial should be granted. **Id.**

The defendant argues reconsideration of the order granting summary judgment is not warranted, and the motion for new trial should be denied. **See** Filing No. 63. The defendant alleges the motion is frivolous, and is based on an improper purpose. **Id.** at 11. Additionally, the defendant contends because the plaintiff had not propounded any formal discovery upon the defendant or Mr. Achola (attorney for the defendant and Interim Director of Human Resources at a time relevant to the litigation) before filing the motion to disqualify, all the evidence the plaintiff now provides could have been brought forth earlier through "reasonable diligence." **Id.** at 7. Further, the defendant argues that exceptions to mandatary electronic filing were available, but not sought out by the plaintiff. **Id.** at 9.

The standard of review of an order granting a new trial is whether the trial court abused its discretion. A motion for new trial should be granted only where there is error prejudicial to the rights of the unsuccessful party. **See** *Kumar v. Douglas County*, 234 Neb. 511, 452 N.W.2d 21 (1990). A motion for new trial is addressed to the discretion of the trial court, and the trial court's decision will be upheld unless it is based upon reasons that are untenable or if its action is clearly against justice or conscience, reason, and evidence. **See** *Genthon v. Kratville*, 270 Neb. 74, 701 N.W.2d 334 (2005).

Pursuant to the Federal Rules of Civil Procedure, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." **See** Fed. R. Civ. P. 56(c)(2); **see** *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). When making this determination, the court's

function is not to make credibility determinations and weigh evidence, or to attempt to determine the truth of the matter; instead, the court must "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and [the rule] should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In the face of a properly supported motion, "[t]he burden then shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial.'" **See** Fed. R. Civ. P. 56(e)(2); *Border State Bank, N.A. v. AgCountry Farm Credit Servs.*, 535 F.3d 779, 782 (8th Cir. 2008). A nonmoving party may not rest upon the mere allegations or denials of its pleadings but, rather, must show specific facts, supported by affidavits or other proper evidence, showing that there is a genuine issue for trial. **See** Fed. R. Civ. P. 56(e); *Janis v. Biesheuvel*, 428 F.3d 795, 799 (8th Cir. 2005). Furthermore, under the Nebraska Civil Rules,

> The party opposing a summary judgment motion should include in its brief a concise response to the moving party's statement of material facts. The response should address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies. <u>Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response.</u>

NECivR 56.1(b)(1) (emphasis in original).

In this matter, the plaintiff did not file a timely response supporting the motion to disqualify or in opposition to the defendant's motion for summary judgment. The plaintiff's argument regarding "excusable neglect" for failure to file evidentiary support for the motion is unpersuasive and does not excuse the plaintiff from abiding by the requirements of the law. The plaintiff's inability to electronically file evidentiary documents for the motions due to password malfunctions is not excusable neglect, particularly when available alternative

measures were not taken. Under NE.Civ.R. 5.0.1, attorneys may apply for, and receive permission from, the assigned judge to be excepted from mandatory electronic case opening and filing. **See** NE.Civ.R. 5.0.1(c)(5)(B). Ms. Crawford did not inform the court of her problems regarding the electronic filing system and did not attempt exemption from the mandatory electronic filing rule. Additionally, Ms. Crawford's co-counsel, Vincent M. Ekeh (Mr. Ekeh), had not experienced trouble with the electronic filing system, as evidenced by the multiple filings posted electronically prior to the plaintiff's motion for a new trial.[2] Ms. Crawford could have certainly requested Mr. Ekeh file the documents electronically on her behalf. Accordingly, the court does not find Ms. Crawford's inability to electronically file evidentiary documents for the motions "excusable neglect," and therefore, an extension of time under Fed.R.Civ.P. 6(b)(1)(B) is not applicable.

Furthermore, the court properly granted the defendant's motion for summary judgment and dismissed the plaintiff's complaint with prejudice. The plaintiff argued she was denied employment as both Program Manager and Lead FSS Coordinator with the defendant due to age or race discrimination. **See** Filing No. 53 - Order. However, the plaintiff was unable to establish a prima facie case with regards to either age or race discrimination by the defendant, and the defendant provided legitimate non-discriminatory reasons for the hiring decisions which were based on qualifications of the applicants, rather than any racial or age discrimination. **Id.**

The plaintiff filed a motion for reconsideration of the judgment on March 8, 2010 using many of the same arguments she relies on in the current motion. The court denied the motion for reconsideration on April 8, 2010. Furthermore, the standard of review for a new trial is whether the trial court abused its discretion. **See** *Kumar v. Douglas County,* 234 Neb. 511, 452 N.W.2d 21 (1990). The trial court's decision will be upheld unless it is based upon reasons that are untenable or if its action is clearly against justice or conscience, reason, and evidence. **See** *Genthon v. Kratville,* 270 Neb. 74, 701 N.W.2d 334 (2005). For the reasons set forth above, and in the court's orders denying plaintiff's

---

[2] Mr. Ekeh successfully filed a Notice of Appearance (Filing No. 37) on January 14, 2009, a Witness List (Filing No. 38) on January 26, 2009, a Motion for Extension of Time (Filing No. 40) on January 27, 2009, and an amended Motion to withdraw document #28 (Filing No. 43) on January 28, 2009.

motion for extension of time to answer and granting the defendant's motion for summary judgement (Filing No. 53), and denying the plaintiff's motion to reconsider (Filing No. 72), the court finds it did not abuse its discretion in granting summary judgment to the defendant, and that the court's decisions are not against justice or conscience, reason, and evidence. Upon consideration, the plaintiff's motion for a new trial is denied.

**IT IS ORDERED:**  The plaintiff's Motion for New Trial (Filing No. 58) is denied.

DATED this 14th day of April, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge